### THE STATE, JACOB BITZ, PROSECUTOR, v. MICHAEL MEYER.

1. An action cannot be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction, by the party himself in interest, unless the defendant has, upon such prosecution, been arrested without cause and deprived of his liberty, or made to suffer other special grievance different from and superadded to the ordinary expenses of a defence. Subject to the qualification stated, a civil action is pursued only at the peril of costs, if not sustained.

2. In the absence of special grievance, an action will not lie for maliciously prosecuting a civil suit by summons, in a court having no jurisdiction, if such court has power to impose costs on the unsuccessful party.

3. When an issue of fact must be passed upon by the court in which such suit is instituted, in order to reach the conclusion that it has no jurisdiction, costs may be adjudged to the prevailing party.

4. This suit was brought against the defendant for having prosecuted a civil suit by summons against the plaintiff, before a justice of the peace of Essex county, both parties at the time being residents of Newark; the District Court, therefore, having exclusive jurisdiction of the case. *Held*, that the right of the justice to try the merits of the case depended upon the fact whether both parties resided in Newark. Upon this point it was necessary for him to hear and examine witnesses, and in dismissing the case he had a right to award costs. The present suit, therefore, will not lie.

*Quere.* Will an action lie for maliciously prosecuting a civil suit by summons in a court having no jurisdiction, where want of jurisdiction appears on the face of the proceedings, as if an action for slander should be instituted in a justice's court?

On *certiorari*.

Argued at February Term, 1878, before Justices VAN SYCKEL, DIXON and REED.

For the plaintiff, *E. C. Harris.*

For the defendant, *W. H. Hagaman.*

The opinion of the court was delivered by

VAN SYCKEL, J. The facts upon which this case must be determined are as follows:

Jacob Bitz brought his suit in the District Court of Essex county, against Michael Meyer, for malicious prosecution.

The judge of the District Court found that Meyer had maliciously instituted a civil suit by summons, against Bitz, in a justice's court at Caldwell, upon the trial of which Meyers testified that both he and Bitz were residents of the city of Newark, and thereupon the justice dismissed said suit for want of jurisdiction, the jurisdiction in such case being exclusively in the District Court.

On the trial in the District Court, motion was made to non-suit the plaintiff, but the judge of that court declined to grant the motion, holding that special damage was shown, and that the bringing of an action in a court not having jurisdiction, coupled with proof of malice, would sustain the action, and thereupon gave judgment for the plaintiff for his damages, made up of his attorney's fees, traveling expenses and witness fees before the justice.

From this judgment Meyer appealed to the Essex Common Pleas, where the judgment was reversed. This *certiorari* is prosecuted to test the correctness of that reversal.

The only question to be determined in this court is, whether the judge of the District Court decided the case upon correct legal principles, assuming the facts to be as he found them. *Benedict* v. *Howell*, 10 *Vroom* 221.

There is a clear distinction between the bringing of a civil

suit and the procuring of an indictment maliciously and without probable cause.

In the former case, the party claims a right in himself, and if he fancies he has a cause of action, he may sue, however unfounded his claim may be.

The common law, to hinder vexatious suits, required the plaintiff to find pledges, which were amerced for false claim, but that method has long been supplanted by statutes giving costs to the successful party.

In indictments there was no amercement, and there are no costs by statute to the accused, so that the only remedy he has to re-imburse himself is by action.

The rule laid down by Chief Justice Kirkpatrick, in *Potts* v. *Imlay*, 1 *South.* 331, has never been questioned in this state. He declared, in that case, that an action cannot be maintained for prosecuting a civil suit in a court of common law having competent jurisdiction, by the party himself in interest, unless the defendant has, upon such prosecution, been arrested without cause and deprived of his liberty, or made to suffer other special grievance different from and superadded to the ordinary expense of a defence.

That a civil action in all its parts is a claim of right, and is pursued only at the peril of costs, if not sustained, subject to the qualification stated in Potts *v.* Imlay, must be considered as settled law.

A different rule may apply to the following cases:

*Boon* v. *Maul*, 2 *Penn.* *863, where the defendant had maliciously taken out an attachment from a court which had no jurisdiction, and caused the plaintiff's vessel to be seized and detained.

*Pechell* v. *Watson*, 8 *M. & W.* 690, where the averment was that the defendant had maliciously procured another person, who was a pauper, to prosecute a groundless suit against the plaintiff, and that the plaintiff, by reason of such poverty, had been unable to obtain satisfaction for the costs adjudged to him in that case.

*Hall* v. *Leaming*, 2 *Vroom* 321, where a judgment creditor,

knowingly, and with intent to oppress the defendant, caused an execution to issue against him for a sum in excess of what was due on the judgment.

In the first of these cases the defendant had interfered with and seized the plaintiff's property without any lawful authority ; in the second, he was not within the protection of the rule which authorized him to prosecute a suit in his own behalf, however unfounded ; and in the third case, the process of the law was intentionally used for an illegal purpose, the levying of a sum beyond the amount due being wholly without warrant, and to that extent as clearly actionable as if it had been attempted without any judgment upon which to base it.

In *Goslin* v. *Wilcock*, 2 *Wilson* 302, the defendant in the alleged malicious suit was arrested by process out of a court which had no jurisdiction, and on that ground the action for malicious prosecution was maintained; but my research has not found a case where the defendant was not arrested, and no special grievance was laid, in which it has been held that suit will lie, where costs were or could have been awarded to the defendant in the original action.

Since the statute, 4 *James I.*, *ch.* 3, which gives costs to a defendant in all actions, in case of a non-suit or verdict against the plaintiff, and other statutes giving costs in other stages of the case, the English courts have not considered the malicious institution of a civil suit a sufficient basis for an action at law, where no arrest or special grievance is alleged. *Saville* v. *Roberts*, 1 *Salk.* 14 ; *Purton* v. *Honnor*, 1 *B. & P.* 205.

In such cases, the measure of punishment to be inflicted upon a plaintiff who is actuated by malice, is the costs given by statute.

The case certified is clearly within the reason of the rule adopted in Potts *v.* Imlay, if the justice had power to impose costs upon the plaintiff.

Whether, when a suit is dismissed for want of jurisdiction, costs can be adjudged to the successful party, is a question upon which there is much conflict of authority.

Without deciding whether costs may be given in all such cases, I think the weight of authority clearly supports the proposition that when an issue of fact must be passed upon by the court, in order to reach the conclusion that it has no jurisdiction, the writ should be quashed with costs.

To this extent, at least, the right is sustained, both by reason and authority. The court has jurisdiction of the parties; they have a right to appear; the plaintiff to insist upon his right to maintain his action; the defendant to urge his motion to dismiss; and the court to adjudicate the matter in difference, upon which the question of jurisdiction depends. *Thomas v. White,* 12 *Mass.* 369; *Guild v. Richardson,* 6 *Pick.* 364; *Clark v. Rockwell,* 15 *Mass.* 221; *Montalet v. Murray,* 4 *Cranch* 46; *McIver v. Wattles,* 9 *Wheat.* 650; *King v. Poole,* 36 *Barb.* 242; *Reynolds v. Plummer,* 19 *Maine* 22; *Moran v. Masterson,* 11 *B. Monroe* 20; *Greenwood v. Fales,* 6 *Greenl.* 405; *Dixon v. Hill,* 8 *Ind.* 147; *Balfour v. Mitchell,* 12 *S. & M.* 629; *Montgomery v. Bruere,* 6 *Hal.* 168.

In this case the jurisdiction of the justice to try the merits of the controversy depended upon the question of fact whether the parties resided in the city of Newark.

Upon that point it was necessary for him to hear and examine witnesses, and in dismissing the case he had a right to give costs in favor of the prevailing party.

Such costs must be presumed to be a sufficient penalty to deter such suitors, until it shall be increased by legislation.

My conclusion is, that the judgment of the Essex Pleas is correct, and that the writ of *certiorari* should be dismissed with costs.

Whether an action will lie for maliciously prosecuting a civil suit in a court having no jurisdiction, where want of jurisdiction appears on the face of the proceedings, as if an action for slander should be instituted maliciously in a justice's court, where there is neither an arrest nor special grievance, it is not necessary now to determine.