## No. 12,708.

### SLEE *v.* SIMPSON ET AL.
(15 P. [2d] 1084)

Decided October 24, 1932. Rehearing denied November 14, 1932.

Messrs. RINN & CONNELL, Mr. LEO A. NOBLE, for plaintiff in error.

Mr. JOHN H. SIMPSON, Mr. L. R. TEMPLE, Mr. MORTIMER STONE, for defendants in error.

462

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action brought by Bertha B. Slee against Simpson and others to recover damages for malicious prosecution of a civil action. The trial court sustained a motion to strike certain portions from the complaint, and thereafter sustained a general demurrer to the amended complaint; plaintiff elected to stand thereon and prosecutes error. It involves the consideration of a prior suit, and the outcome thereof, leading up to the present controversy, under the following facts:

In 1927 while plaintiff, Mrs. Slee, was riding in her automobile on a public highway in Boulder county, there was a collision between her car and an automobile of the defendant Mrs. Gilpatrick, then occupied by herself and her husband, which resulted in personal injury to the plaintiff who thereupon brought an action in the district court of Boulder county against defendant Mrs. Gilpatrick and her husband to recover compensatory damages. The result of the trial was a verdict by the jury, approved by the court, in the approximate sum of $8,000 against both defendants in favor of the plaintiff Mrs. Slee, which judgment in its entirety remains unpaid. At this trial the defendants were represented by the defendant Simpson as their attorney who prepared their pleadings and represented them throughout the action. Thereafter, in September, 1929, the present action for malicious prosecution, based upon a cross-complaint filed in the original action for damages, was instituted by plaintiff Mrs. Slee against Mrs. Gilpatrick, her husband, her brother Charles Mason, John H. Simpson and the Northern Land Company, the entire ownership of which was vested in the defendant Simpson and his family. Counsel for the defendants in their brief say that this writ of error, however, is now being waged solely against

Simpson, the attorney who represented the defendants at the trial. Whether or not this statement is correct is not important, for it is maintainable, if at all, against one or more of the alleged joint wrongdoers. To the original complaint herein the defendant Simpson and his land company, said to be his alter ego, first filed a motion to strike several different allegations thereof, which were sustained in part and in part denied. Plaintiff then filed an amendment to her complaint and to this amended pleading defendant filed a demurrer for insufficient facts, which the court sustained. Plaintiff elected to stand upon her amended pleading, whereupon the trial court, on the defendant's motion, dismissed the action. The case as thus made is now before us.

■ Courts and text writers generally say that actions for malicious prosecution are not favored. Such seems to be the general rule. Nevertheless, there are many reported cases where judgments for such prosecutions have been upheld. As we view the record the questions for determination here are of law, not of fact.

It is apparent from the record that the trial court itself, to use its own language, "wavered" in reaching decision on defendant's motion to strike from the amended complaint certain parts thereof and in its ruling on this general demurrer. At the first hearing thereon the court was inclined to deny the motion and to overrule the demurrer. There were several hearings thereon and at the final hearing both the motion and the demurrer were sustained. The plaintiff declined to plead further and the action was dismissed at the plaintiff's costs.

The plaintiff assigns error to two rulings of the trial court: (1) In granting certain paragraphs of the defendants' motion to strike; (2) in sustaining defendants' general demurrer to the amended complaint as it remained after such paragraphs were stricken. The defendants say that the ruling on the strike motion is largely academic for the reason that if the demurrer was properly sustained the ruling would equally apply to the parts strick-

464

en as well as to the parts remaining, so that any error in striking from the complaint would be harmless. It may be that defendants' view as to this particular is well taken but, in view of our conclusion upon the main question involved, it is of no importance. To sustain this judgment the defendants rely solely on the following propositions: (1) That actions for malicious prosecution, not being favored in law, are not maintainable at all in the absence of allegation and proof that there has been unlawful and malicious interference with the person or property of the plaintiff. (2) That defendants' cross-complaint or cross-action set up in their answer in the negligence case does not constitute the bringing of an action, civil or criminal, by them against the plaintiff. A resolution of these two questions is determinative of this writ of error.

 In England, prior to the statute of Marlbridge, the English courts generally held that arrest of the person or seizure of his property, in a malicious prosecution action, is not essential to a recovery. After the passage of this statute, however, the English courts generally held that such interference is essential. This later doctrine of the English courts is usually designated in judicial opinions and by annotators as the English rule in such cases. But it is by no means universal or even largely recognized by the courts in the United States. Indeed, the ancient, not the modern English, rule is, according to the majority of our courts and annotators, the prevailing rule in the United States. The following, among other, authorities may be cited in support of what is commonly regarded as the American rule: 38 C. J. 393, et seq.; 18 R. C. L. p. 13, §3; *Peerson v. Ashcraft Cotton Mills*, 201 Ala. 348, 78 So. 204, L. R. A. 1918D, pp. 540, 552; *Closson v. Staples*, 42 Vt. 209, 1 Am. Rep. 316; *Kolka v. Jones*, 6 N. D. 461, 66 Am. St. Rep. 615; *Wiffen v. Bailey* [1915], 1 K. B. 600, Ann. Cas. 1916E. 493. In 6 R. C. L. Permanent Supp., p. 4401, the annotator says: ''The English rule has not been accepted generally in the

United States, it being there held in the majority of jurisdictions that the malicious prosecution of any kind of proceeding, civil or criminal, will support an action." The annotators generally class Colorado as among the states holding that a suit for malicious prosecution lies even though there is neither arrest nor seizure, citing *Hoyt v. Macon,* 2 Colo. 113, which, as stated in the syllabus, holds: "An action on the case may be maintained against one who maliciously, and without probable cause, attempts to defeat a claim to public lands made in good faith." This court has not, so far as we can discover, overruled this case. Our conclusion upon the first proposition is that it is not essential to the maintenance of a suit for malicious prosecution that the arrest of the person or seizure of the property of the plaintiff be established.

2. The defendants say as to the second proposition that they did not set the machinery of the law in motion or institute any action against the plaintiff or cause one to be maintained. On the contrary, they say that the plaintiff brought this action against them and based her claim upon the fact that the defendants maliciously and without cause filed a cross-complaint or cross-action in the suit which had previously been instituted by the plaintiff herself. First, we say that one of the essential elements of a malicious prosecution is the commencement or continuance of an original criminal or civil judicial proceeding. 38 C. J. 386 [§5], 394, §22, et seq. Even though the defendants here did not institute the damage suit, they continued such an action by way of a cross-action or cross-complaint set up in their answer. The filing by the defendants here, as a part of their answer in the damage suit, of a cross-action or counterclaim in which they ask affirmative relief by way of damages against the plaintiff, is the equivalent of the institution by them of an independent action. In this cross-complaint these defendants assume the position of plaintiffs and seek affirmative relief against Mrs. Slee, who was the

plaintiff in the original damage suit. In other words, what the defendants by way of cross-complaint in their answer sought, was precisely the same kind of relief, as against the plaintiff, which they could ask for and maintain in an independent action instituted by themselves against her in the first instance. We do not think there is any merit in this contention of the defendants.

It is, perhaps, needless to say that this court is not expressing any opinion or indulging in any conjecture as to the probable result of this action. The court erred in its decision on the motion to strike, and in sustaining the defendants' demurrer. The complaint, as amended, on its face states a good cause of action against the defendants. The judgment is therefore reversed, and the cause remanded. Further proceedings, if any, must be consistent with the views expressed in the opinion.