142 P.2d 546

**JOHNSON v. WALKER–SMITH CO.**

No. 4767.

Supreme Court of New Mexico.

Oct. 21, 1943.

Frazier & Quantius, of Roswell, for appellant.

G. L. Reese, Sr., of Roswell, for appellee.

THREET, Justice.

This is an action for malicious prosecution growing out of a civil suit instituted by appellee against the appellant in the District Court of Chaves County, New Mexico.

Appellant filed his complaint in the court below alleging in substance as follows: That appellee brought suit against him maliciously and without cause; that said suit had terminated favorably; that he had been obliged to employ an attorney to defend him; that such suit by appellee constituted an abuse of process of the court; that appellant had always enjoyed excellent credit; that such suit was published in the credit bulletin; that an agent of appellee stated to various business men in and about Chaves County that it was necessary for appellee to sue appellant, and that wholesalers and others doing business with appellant called upon him for an explanation of the matter, jeopardizing his credit standing, causing him worry and embarrassment; that as a direct and proximate result of the acts of appellee he suffered actual damages in the sum of $1,000, and also prayed for exemplary damages in the sum of $5,000.

To the complaint appellee interposed the following motion to dismiss: "The plaintiff's alleged cause of action against the defendant is an action of malicious prosecution instituted by the plaintiff herein, and that said alleged cause of action is a civil action, and that the complaint and summons show upon their face that said action is an ordinary civil action and not accompanied

by the arrest of the plaintiff or by seizure of his property and that no special injury was suffered by the plaintiff, except such alleged injuries as necessarily result in any and all civil suits to recover for like causes of action."

The trial court sustained appellee's motion and dismissed the complaint. Appellant appeals to this Court, complaining that the trial court erred in so doing.

Only one error is assigned, to-wit: "The court erred in dismissing the complaint." Other questions are argued in appellant's brief, but they will not be considered here in disposing of this case, as the theory of appellant's cause of action is one for malicious prosecution.

The question here is: Will an action lie for the recovery of damages sustained by the malicious institution and prosecution of a civil action without probable cause, where there has been no arrest of the plaintiff's person or seizure of his property by the defendant, and no injury sustained other than that necessarily resulting in all ordinary law suits?

No claim is made by appellant that he was arrested or that his property was seized. No injuries, other than those that would flow from an ordinary law suit, are claimed.

There are two rules on this question, the so-called English rule and the American rule. The matter is one of first impression in this State, and we will, therefore, consider it on its merits, free to determine which rule is more in harmony with justice and our public policy. An abundance of respectable authority may be found on both sides of the question. The courts seemingly are hopelessly divided.

The leading case in support of the American rule that the action may be maintained is Kolka v. Jones, 6 N.D. 461, 71 N.W. 558, 66 Am.St.Rep. 615. The North Dakota Court in this case, in an able opinion by Corliss, C. J., discussed both sides of the question, and reviewed many decisions touching upon the matter and came to the conclusion that the action could be maintained. Many of the states and, in some instances the federal courts, have followed the rule adopted by the North Dakota Court. The cases supporting this doctrine may be found under note 15, page 708, 34 Am.Jur., under the subject of malicious prosecution.

Some of the later decisions in support of this rule are Ackerman v. Kaufman, 41 Ariz. 110, 15 P.2d 966, and Slee v. Simpson, 91 Colo. 461, 15 P.2d 1084, 1085, 85 A.L.R. 412. It is interesting to note in Slee v. Simpson, supra, where, in following the American rule, we would be lead. This case grew out of a suit for personal injuries sustained in an automobile collision. There was a collision between the car of Bertha B. Slee and the automobile of Mrs. Gilpatrick, which was occupied by herself and her husband. Bertha B. Slee brought suit for damages against the Gilpatricks, who filed a cross-complaint for damages against Mrs. Slee. Judgment was rendered for Mrs. Slee. The Gilpatricks were repre-

sented by John H. Simpson, their attorney, in the personal injury suit. The malicious prosecution suit was based upon the cross-complaint filed in the original action for damages, and was filed by Mrs. Slee against the Gilpatricks, John H. Simpson, their attorney, and others.

The trial court sustained a demurrer to the complaint. The Supreme Court, in reversing the case, said: "In England prior to the statute of Marlbridge the English courts generally held that arrest of the person or seizure of his property, in a malicious prosecution action, is not essential to a recovery. After the passage of this statute, however, the English courts generally held that such interference is essential. This later doctrine of the English courts is usually designated in judicial opinions and by annotators as the English rule in such cases. But it is by no means universal or even largely recognized by the courts in the United States. Indeed, the ancient, not the modern English, rule is, according to the majority of our courts and annotators, the prevailing rule in the United States."

And quotes as authority Hoyt v. Macon, 2 Colo. 113, as follows: "An action on the case may be maintained against one who maliciously, and without probable cause, attempts to defeat a claim to public lands made in good faith."

The holding of the Colorado Court is to this effect: If a defendant in an ordinary law suit maliciously and without probable cause defends against the claim of the plaintiff he may be proceeded against in a suit for malicious prosecution for so doing.

It is interesting to pursue this theory to its logical conclusion. Suppose in Slee v. Simpson, supra, Mrs. Slee fails to maintain her suit for malicious prosecution against the Gilpatricks, the Gilpatricks would in turn have a cause of action against her for malicious prosecution, and so on ad infinitum.

■ Notwithstanding the cases cited therein in support of the so-called American rule, an investigation of the authorities and a consideration of the principles involved lead us to the conclusion that the contrary doctrine is well established, and that an action will not lie for the prosecution of civil action with malice and without probable cause, where there has been no arrest of the person or seizure of the property of the defendant, or where the defendant has suffered no injuries except those which are the necessary result in all ordinary law suits.

This doctrine, we think, is sustained, not only by the greater weight of authority, but by the better reasoning.

Two of the leading cases in support of the doctrine we here adopt are Abbott v. Thorne, 34 Wash. 692, 76 P. 302, 65 L.R.A. 826, 101 Am.St.Rep. 1021, and Wetmore v. Mellinger, 64 Iowa 741, 18 N.W. 870, 52 Am.Rep. 465.

In Abbott v. Thorne, supra [34 Wash. 692, 76 P. 303], the court said: "The right of free allegations in a pleading has always

been considered privileged. Courts are instituted to grant relief to litigants, and are open to all who seek remedies for injuries sustained; and unnecessary restraint and fear of disastrous results in some succeeding litigation ought not to hamper the litigant, or intimidate him from fully and fearlessly presenting his case. If the charges prove to be unfounded, costs have been prescribed by the Legislature as the measure of damages. Prior to the time when costs were allowed to the prevailing party, there was more reason for sustaining actions on the case; and, as a rule, the costs and expenses incident to an unsuccessful lawsuit will be sufficient to restrain actions which are founded purely on malice. While it is, no doubt, true that in some instances the peril of costs is not a sufficient restraint, and the recovery of costs is not an adequate compensation for the expenses and annoyances incident to the defense of a suit, yet all who indulge in litigation are necessarily subject to burdens, the exact weight of which cannot be calculated in advance, and a rule must be established which, as a whole, is the most wholesome in its effects, and accords in the greatest degree with public policy. If the rule were established that an action could be maintained simply upon the failure of a plaintiff to substantiate the allegations of his complaint in the original action, litigation would become interminable, and the failure of one suit, instead of ending litigation, which is the policy of the law, would be a precursor of another; and, if that suit perchance should fail, it would establish the basis for still another. * * *

It seems to us that there is much common sense in this observation, for the affirmative allegations of an answer are as liable to contain malicious statements as the affirmative allegations of a complaint; and the result would be, if the doctrine contended for were upheld to its logical conclusion, that the plaintiff in an action would be entitled to damages for the unsupported allegations of an answer, for there is as much publicity given to an answer in an action as there is to a complaint, and damages in one case would be just as liable to be incurred as in the other. The same rule is announced in Smith v. Hintrager, 67 Iowa 109, 24 N.W. 744, and in McNamee v Minke, 49 Md. 122, where the court, in summing up an argument which holds that the action will not lie, says: 'Otherwise parties would be constantly involved in litigation, trying over cases that may have failed, upon the mere allegation of false and malicious prosecution.' In Mayer v. Walter, 64 Pa. 283, it is said: 'But for this rule, the termination of one suit would be, in a multitude of instances, the signal for the institution of another, in which the parties would be reversed; and the process might be renewed indefinitely, in contravention of the maxim, "Interest reipublicae ut sit finis litium." ' It was decided in Bitz v. Meyer, 40 N.J.L. 252, 29 Am.Rep. 233, that a civil action, in all its parts, is a claim of right, and is pursued only at the peril of costs, if not sustained, subject to the qualification that the defendant has been arrested without cause and deprived of his

liberty, or made to suffer other special grievances."

In Wetmore v. Mellinger, supra [64 Iowa 741, 18 N.W. 871, 52 Am.Rep. 465], the court said: "We think the doctrine is well established by the great preponderance of authority that no action will lie for the institution and prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action. * * * This doctrine is supported by the following consideration: The courts are open and free to all who have grievances and seek remedies therefor, and there should be no restraint upon a suitor, through fear of liability resulting from failure in his action, which would keep him from the courts. He ought not, in ordinary cases, to be subject to a suit for bringing an action, and be required to defend against the charge of malice and the want of probable cause. If an action may be maintained against a plaintiff for the malicious prosecution of a suit without probable cause, why should not a right of action accrue against a defendant who defends without probable cause and with malice? The doctrine surely tends to discourage vexatious litigation, rather than to promote it."

See, also, Peckham v. Union Finance Co., 60 App.D.C. 104, 48 F.2d 1016, citing R.C. L.; Schwartz v. Schwartz, 366 Ill. 247, 8 N.E.2d 668, 112 A.L.R. 325; Smith v. Michigan Buggy Co., 175 Ill. 619, 51 N.E. 569, 67 Am.St.Rep. 242; White v. International Text Book Co., 156 Iowa 210, 136 N.W. 121, 42 L.R.A.,N.S., 346; Dorr Cattle Co. v. Des Moines Nat. Bank, 127 Iowa 153, 98 N.W. 918, 102 N.W. 836, 4 Ann.Cas. 519; Wetmore v. Mellinger, 64 Iowa 741, 18 N.W. 870, 52 Am.Rep. 465; Wegefarth v. Wiessner, 134 Md. 555, 107 A. 364, 6 A.L.R. 396; State, Bitz, Prosecutor, v. Meyer, 40 N.J.L. 252, 29 Am.Rep. 233; Potts v. Imlay, 4 N.J.L. 330, 7 Am.Dec. 603; Jerome v. Shaw, 172 N.C. 862, 90 S.E. 764, L.R.A.1917B, 749; Pittsburg, J. E. & E. R. Co. v. Wakefield Hardware Co., 138 N.C. 174, 50 S.E. 571, 3 Ann.Cas. 720; Cincinnati Daily Tribune Co. v. Bruck, 61 Ohio St. 489, 56 N.E. 198, 76 Am.St.Rep. 433; Norcross v. Otis Bros. & Co., 152 Pa. 481, 25 A. 575, 34 Am.St.Rep. 669; Muldoon v. Rickey, 103 Pa. 110, 44 Am.Rep. 346; Abbott v. Thorne, 34 Wash. 692, 76 P. 302, 65 L.R.A. 826, 101 Am.St.Rep. 1021 and Luby v. Bennett, 111 Wis. 613, 87 N.W. 804, 56 L.R.A. 261, 87 Am.St.Rep. 897.

Schwartz v. Schwartz, supra, was a case where a judgment was entered on a cognovit note for $15,000 with interest, costs and attorneys fees. A motion was filed to set aside the judgment, accompanied by a tender of the principal and interest due. The motion was sustained and leave granted to plead. Thereafter the tender was accepted and the suit dismissed. An action for malicious prosecution was instituted on the theory that a judgment in narr and cognovit is not an ordinary civil suit begun by summons. The court held

that the only difference between a judgment in narr and cognovit, and one in a suit brought by summons, is that the summons in the former is unnecessary, because the maker of the note authorizes his appearance and waives summons, and that this did not distinguish it from an ordinary civil suit; the court said [366 Ill. 247, 8 N.E.2d 670, 112 A.L.R. 325]: "A suit for malicious prosecution of a civil suit without probable cause cannot be maintained where the action upon which it is grounded is an ordinary civil action, begun by summons and not accompanied by arrest of the person or seizure of his property, or by special injury not necessarily resulting in any and all suits prosecuted to recover for like causes of action."

In Peckham v. Union Finance Co., supra [60 App.D.C. 104, 48 F.2d 1017], the court said: "In our opinion the greater weight of authority in this country and the better reasoning support the view that no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action." See, also, National Surety Company v. Page, 4 Cir., 58 F.2d 145 and Sunkist Drinks, Inc. v. California Fruit Growers Exchange, D.C., 25 F.Supp. 400.

Appellant and appellee both cite and discuss Leyser v. Field, 5 N.M. 356, 23 P. 173, 174, as being the only New Mexico case for malicious prosecution growing out of a civil action. The point here decided was not before the court in that case. That suit arose out of a civil action where the defendant's (plaintiff in the malicious prosecution suit) property was attached. We said: "If the defendant acted in good faith, with an honest purpose to collect a just claim for his clients, the mere wrongful resort to legal process affords no ground of action. It is damnum absque injuria. And further than the cost, which is the legal penalty for bringing a groundless suit, there could be no other damages."

▋ The action upon which the suit at bar is founded was an ordinary civil suit for debt. No injury is claimed, except such as attend all such law suits. Dismissal of that suit was at the cost of the plaintiff. Cost, as provided by our statute, is the measure of damages in such law suits. In Delahoyde v. Lovelace, 39 N.M. 446, 49 P.2d 253, 255, in regard to the right of a plaintiff to dismiss his cause of action over the objections of the defendant, we said: "The hardship on defendant consisting of the mere possibility of future litigation is usually held not to be such an injustice to the defendant as will prevent a dismissal by the plaintiff. Such hardship is supposed to be taken care of by recovery of his costs."

1941 Comp., Sec. 19-101, Rule 41, Sec. D, gives the trial court the power to require the plaintiff, after dismissing his cause of action, to pay defendant's cost in the first suit before he may maintain a second suit

upon or including the same claim against the same defendant.

It will be observed that the rule we here adopt extends the doctrine no further than to cases prosecuted in the usual manner, and where defendant suffers no damages other than necessarily attend all suits brought upon like causes of action. If the bringing of the action operates to impose care and expense, or even to cast discredit and suspicion upon the defendant, the same results follow many actions of like character, whether meritorious or not. They are uncompensated burdens of litigation. State ex rel. Stanley et al. v. Lujan, 43 N.M. 348, 93 P.2d 1002. But, if his property is seized or he is arrested, or the suit is so prosecuted as to cause special damages, not common to the ordinary law suit, he should be compensated.

Finding no error, the judgment is affirmed, and it is so ordered.

SADLER, C. J., and MABRY, BICKLEY, and BRICE, JJ., concur.