467 P.2d 399

**MONTGOMERY WARD, Plaintiff-Appellant,**

v.

**Gilbert LARRAGOITE, Defendant-Appellee.**

**No. 8834.**

Supreme Court of New Mexico.

March 31, 1970.

H. J. Guthmann, Santa Fe, Botts, Botts & Mauney, Albuquerque, for plaintiff-appellant.

Zinn & Donnell, Santa Fe, for defendant-appellee.

PER CURIAM:

Upon the court's own motion the opinion heretofore filed is withdrawn and the following is substituted therefor:

## OPINION

MOISE, Chief Justice.

This is an appeal from a judgment on a counterclaim in favor of Gilbert Larragoite. The facts giving rise to the controversy are not in dispute.

Gilbert is an employee of Thunderhead Oil Company and lives in Albuquerque. He has several brothers, one of whom is Ben who lives with his mother in Santa Fe and works at the State Land Office. In 1964 Ben applied to Montgomery Ward in Santa Fe for a credit card. A card was issued to "G. Larragoite" with a mailing address at the Land Office in Santa Fe where Ben worked. Although Ben testified that he complained that the card was issued to "G. Larragoite," nothing was done to change it, and Ben made purchases and payments on the account. Toward the end of 1966, payments not having been made promptly, Wards commenced a series of actions in its attempts to collect. These included a call to the State Highway Department where they contacted Phil Larragoite, another brother, who advised Wards of Gilbert's whereabouts, and how he could be reached. In January, 1967, Gilbert was reached at his place of employment in Al-

·buquerque and denied any knowledge of the account. A call was made to the mother at the address in Santa Fe where Ben lived. Further investigation disclosed to Wards that Ben had made the purchases and payments. The following notation appears in the records of Wards:

"4–17–67 (Cont'd)—Contacted G. Larragoite—refuses to be responsible. Recommend that we sue G. Larragoite to force full P.I.F. [payment in full] from B. Larragoite. Referred to Mr. Distel for O.K. to sue. 4/20/67 Sue now E.R."

This was followed by the filing of suit naming both Ben and Gilbert as defendants. Service of process was made on Gilbert while he was at work and in his superior's presence, and the service papers were shown to the superior by Gilbert.

Ben answered, admitting the debt; the amount was stipulated and judgment was entered against him. The issues raised by the counterclaim wherein Gilbert sought recovery for damages occasioned by Ward's collection tactics alleged to have been wantonly, wilfully and maliciously performed, resulting in impairment of Gilbert's previous excellent credit rating, and in the inflicting of severe pain and distress to body and mind, and great mental anguish, embarrassment, humiliation and shame. A verdict for $15,000 damages was returned and judgment entered accordingly.

■ We are first called upon to determine if a prima facie showing which would support a judgment in Gilbert's favor was established at the trial. The theory on which the suit was brought and the case tried is what is known in law as invasion of privacy.

Although we have never been called upon to decide if facts such as those here present can constitute actionable invasion of privacy, we have heretofore recognized such torts. See Apodaca v. Miller, 79 N. M. 160, 441 P.2d 200 (1968); Blount v. T D Publishing Corporation, 77 N.M. 384, 423 P.2d 421 (1966); Hubbard v. Journal Publishing Co., 69 N.M. 473, 368 P.2d 147

(1962). We now decide that improper conduct in knowingly and intentionally pursuing a person to force payment of a debt, whether or not he owes it, may, under certain circumstances, give rise to a right to damages for an invasion of privacy. This accords with the rule followed in recent years in most jurisdictions. We cite only a few. La Salle Extension University v. Fogarty, 126 Neb. 457, 253 N.W. 424, 91 A.L.R. 1491 (1934); Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321 (1961); Lyons v. Zale Jewelry Co., 246 Miss. 139, 150 So.2d 154 (1963); Biederman's of Springfield, Inc. v. Wright, 322 S.W.2d 892 (Mo.1959); Bowden v. Spiegel, Inc., 96 Cal.App.2d 793, 216 P.2d 571 (1950); Santiesteban v. Goodyear Tire & Rubber Co., 306 F.2d 9 (5th Cir. 1962). See, also, Annots., 15 A.L.R.2d 108, 158; 14 A.L.R.2d 750, 770; 168 A.L.R. 462; 138 A.L.R. 91; 106 A.L.R. 1453; 91 A.L.R. 1495. The facts proved in this case as above detailed were sufficient to go to the jury and, if believed by them, to support a verdict for damages.

Ward's second point is addressed to the rule heretofore announced by this court in malicious prosecution cases, citing our decision in Johnson v. Walker-Smith Co., 47 N.M. 310, 142 P.2d 546 (1943); Landavazo v. Credit Bureau of Albuquerque, 72 N.M. 456, 384 P.2d 891 (1963); and Farmers Gin Co. v. Ward, 73 N.M. 405, 389 P.2d 9 (1964). Factually, the Landavazo case, supra, presented a situation not materially different from that before us here. We denied recovery to the plaintiff, holding that notwithstanding the reprehensible actions of the defendant, "an action will not lie for the prosecution of civil action with malice and without probable cause, where there has been no arrest of the person or seizure of the property of the defendant, or where the defendant has suffered no injuries except those which are the necessary result in all ordinary law suits," as held in Johnson v. Walker-Smith Co., supra.

■ The trouble with Ward's argument is that the case was tried on the theory of invasion of privacy, and the law, as ex-

plained to the jury by the trial court, without objection, was that applicable to invasion of privacy as discussed above. This law differs from that applicable in malicious prosecution but became the law of the case here and not vulnerable to attack on appeal. Nally v. Texas-Arizona Motor Freight, Inc., 69 N.M. 491, 368 P.2d 806 (1962); Sanchez v. Board of County Commissioners, 63 N.M. 85, 313 P.2d 1055 (1957).

We are next called upon to consider if there is cause to reverse because the award in Gilbert's favor was assertedly excessive, and the result of passion and prejudice of the jury. The rule adopted and followed by us is stated in Vivian v. Atchison, Topeka and Santa Fe Railway Co., 69 N.M. 6, 9, 363 P.2d 620, 622 (1961), in the following language:

"The decisions of this court were reviewed in Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023, and the rule announced in Hall v. Stiles, 57 N.M. 281, 258 P.2d 386, 389, approved. The rule of Hall v. Stiles, supra, is that 'the mere fact that a jury's award is possibly larger than the court would have given is not sufficient to disturb a verdict' and the findings of the jury will not be disturbed as excessive except in extreme cases, such as where 'it results from passion, prejudice, partiality, sympathy, undue influence, or some corrupt motive where palpable error is committed by the jury, *or where the jury has mistaken the measure of damages.*' (Emphasis added) Montgomery v. Vigil, supra, 65 N.M. at page 113, 332 P.2d at page 1027; Jackson v. Southwestern Public Service Co., 66 N.M. 458, 349 P.2d 1029."

Also, in Vivian, supra, we said, "In determining whether a verdict is excessive, the appellate court does not weigh the evidence, as in the case of a trial court, but instead determines the excessiveness as a matter of law." (69 N.M. 6, 12, 363 P.2d 620, 624). See, also, Transwestern Pipe Line Co. v. Yandell, 69 N.M. 448, 367 P.2d 938 (1961).

Appellant filed a motion for a new trial on April 10, 1968, six days after entry of the judgment, in which it raised the question of excessive verdict. On May 1, 1968, it filed notice of appeal. On June 18, 1968, the trial court entered an order denying the motion solely on the ground that it had lost jurisdiction.

We believe that on May 10, 1968, 30 days after the filing of the motion, it is deemed overruled by operation of law if no ruling has been entered. This would be true in non-jury cases by virtue of § 21-9-1, N.M.S.A., 1953 Comp., and would follow in jury cases as logical under our Rule 5, § 21-2-1(5), N.M.S.A., 1953 Comp. Earlier statutes on the question have been superseded by Rule 59, § 21-1-1(59), N.M.S.A., 1953 Comp., and Rule 20, § 21-2-1(20), N.M.S.A., 1953 Comp. Since the trial court's ruling on the motion prior to the expiration of the 30 day period would have been reviewable here, we hold that its failure to rule cannot avoid our review, and we will consider a motion for new trial timely filed as having been denied by the court if denied by operation of law. Terry v. Biswell, 66 N.M. 201, 345 P.2d 217 (1959).

Here we are convinced that the amount of damages awarded is so excessive that it is not supported by the evidence and is such as to indicate that the jury has mistaken the measure of damages or its verdict resulted from passion or prejudice. Vivian v. Atchison, Topeka and Santa Fe Railway Co., supra; Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463 (1964).

The judgment of the trial court will be affirmed on the condition that appellee file with the clerk of this court within ten days hereafter a remittitur in the sum of $7,500.00 fixed by this court as excessive damages; otherwise, the cause will be remanded to the trial court with directions that the appellant be granted a new trial solely on the question of damages.

It is so ordered.

COMPTON and WATSON, JJ., concur.