487 P.2d 478

Lloyd SCOTT and J. K. Scott, individually and Lloyd Scott, d/b/a Scott Brothers Drilling Company, Plaintiffs-Appellants and Cross-Appellees,

v.

McWOOD CORPORATION, Defendant-Appellee and Cross-Appellant.

No. 9186.

Supreme Court of New Mexico.

June 21, 1971.

Rehearing Denied Aug. 3, 1971.

Paul A. Phillips, Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Albuquerque, for appellants.

White & Caton, Farmington, Keleher & McLeod, William K. Stratvert, Ranne B. Miller, Albuquerque, for appellee. ·

## OPINION

COMPTON, Chief Justice.

This is the second time this case has been before this court. Scott v. Murphy Corporation, 79 N.M. 697, 448 P.2d 803. The first trial resulted in a jury verdict for the appellee. Upon appeal, this court reversed the judgment due to an erroneous instruction and remanded the cause for a new trial.

The action was brought in San Juan County to recover damages for personal injury and property damage sustained as a result of an oil field fire. The jury returned a verdict for appellants in the amount of $128,000.00, however, a judgment notwithstanding the verdict was entered. The plaintiffs have appealed, and the defendant has cross-appealed.

The main question is whether appellants, J. K. Scott and Scott Brothers Drilling Company, were contributorily negligent as a matter of law. In granting judgment notwithstanding the verdict, the trial court held:

"*. * * that the employees of Scott Brothers Drilling Company, while acting in the course and scope of their employment, were contributorily negligent as a matter of law and their contributory negligence is imputed to J. K. Scott, individually, as a matter of law and that J. K. Scott, individually, was contributorily negligent as a matter of law; therefore all plaintiffs are barred from recovery."

In testing the propriety of a judgment notwithstanding the verdict, the evidence favorable to the successful party, together with all inferences as may be reasonably drawn therefrom, will be accepted as true and all evidence to the contrary will be disregarded. Zanolini v. Ferguson-Steere Motor Company, 58 N.M. 96, 265 P.2d 983.

We stated in Mozert v. Noeding, 76 N. M. 396, 415 P.2d 364, that:

"Ordinarily, the question of contributory negligence is a fact question to be determined by the jury. * * * The question of contributory negligence is properly taken from the jury only when reasonable minds cannot differ on the question and readily reach the conclusion that plaintiff's conduct falls below the standard to which he should have conformed for his own protection, and that this negligent conduct on his part proximately contributed with the negligence of the defendant in causing the injury. * * * *"

See also Wood v. Southwestern Public Service Company, 80 N.M. 164, 452 P.2d 692 (Ct.App.).

In May, 1963, J. K. Scott and Lloyd W. Scott, d/b/a Scott Brothers Drilling Company, entered into a contract to drill an oil well for Murphy Corporation to be located in a boxed canyon approximately 100 feet wide. On June 3, 1963, following the taking of a core sample, the well was to be circulated with crude oil in order to remove cuttings and waste materials from the drill hole. As a part of this process, employees of Scott Brothers had dug a sump approximately 8 feet from the drill hole and placed a metal tank into it to hold the oil. The sump was located close to the drilling rig that was being operated by Scott Brothers. Shortly before the fire broke out, a tank truck, owned by appellee, arrived loaded with approximately 100 barrels of crude oil to be used as the circulation medium. It was parked approximately 8 feet from the drill hole on the opposite side from the sump tank. J. K. Scott was

in charge of the drilling crews and immediately under him were Scott Brothers' employees Hahn and Johnston, the actual drillers.

It was discovered that the appellee's driver, Warren, did not have enough hose on the truck to reach from the truck's location to the sump tank. A discussion was had between Hahn, Johnston and Warren and it was decided to pump the oil through an open ditch to the sump. Warren opened the vent hatches on the tanker truck and began pumping oil by use of the pump on the truck operated by the truck's engine. The truck was not grounded at any time by Warren. After approximately 5 barrels were in the sump, Hahn began operating the suction pump run by the motor on the drilling rig, to draw oil into the well head. Shortly after this process had begun, the well head "belched" indicating that circulation had been obtained and Hahn cut down the pump to let the oil settle in the hole. When the hole "belched" again, the pump was stopped. Suddenly, there was a whoosh and a flash and the whole area was afire. J. K. Scott had arrived on the scene only 2 or 3 minutes before the fire and was severely burned. The evidence indicates that the fire may have occurred from static electricity which ignited the highly volatile crude oil vapors and fumes which had accumulated in the narrow canyon surrounding the well location during the circulation process; nevertheless, the evidence was in conflict as to where the fire started and what started it.

■ Appellants' initial contention is that any causal connection between Scott's and/or Scott Brothers' conduct and the resulting injury and damages was a jury question. We must agree; whether the contributory negligence of the appellants contributed as a proximate cause of the injury complained of was an issue of fact. Compare White v. Montoya, 46 N.M. 241, 126 P.2d 471; Maryland Casualty Company v. Jolly, 67 N.M. 101, 352 P.2d 1013.

All parties agree that the ignition of crude oil fumes caused the fire and the re-

sulting injury. There is no evidence which as a matter of law would lead to the conclusion that fumes allowed to escape by appellants or their employees were the proximate cause of the explosion. Actually vapors were being emitted from sources under control of the appellee's employee, the truck, and from sources under control of appellants' employees, the open ditch, the sump and the well head. Thus, there was an issue of fact to be determined. This case is similar to Adamson v. Highland Corporation, 80 N.M. 4, 450 P.2d 442 (Ct. App.), where there were vapors from more than one source.

■■ The cross-appeal requires consideration. Appellee first contends that the trial court erred in granting a new trial solely on the issue of contributory negligence. There is no basis for this contention. The mandate did not require a retrial of appellee's negligence. Appellee's primary negligence had been determined by properly submitted interrogatories. Where a general verdict is set aside due to some legal error there is no need to relitigate other issues already decided. Pritchard v. Liggett & Myers Tobacco Company, 370 F.2d 95 (3d Cir.); Green v. American Tobacco Co., 325 F.2d 673 (5th Cir.), cert. denied, 377 U.S. 943, 84 S.Ct. 1349, 12 L. Ed.2d 306; and see 2B Barron & Holtzoff, Federal Practice & Procedure, § 1058.

■ Appellee next contends that the trial court erred in instructing the jury that it was its duty to determine whether employees of Scott Brothers were acting within the scope of their employment when they committed negligence, if they did, which proximately caused the fire. Stated otherwise, appellee asserts that the court should have instructed the jury that Scott Brothers' employees, as a matter of law, were acting within the scope of their employment at the time of the accident. This contention is without merit. There were many acts of the employees which may or may not have determined negligence. Whether any of those acts were committed within the scope of employment was prop-

erly a jury question. The basic rule is that the question of scope of employment is within the province of the jury. 57 C.J.S. Master and Servant § 537b(1).

Appellee next contends that the trial court erred in allowing into evidence the testimony of the witness, C. M. Hardy, concerning an experiment conducted by him prior to the trial. It is claimed that the experiment was not conducted under the same or similar circumstances that existed at the time of the accident. There is no substantial basis for this contention. Hardy's experiment dealt with whether sparks from a generator of the type that had been mounted on appellants' rig could have ignited "combustible materials." Appellee had attempted to show that a spark from appellants' rig had ignited the oil fumes. Hardy's testimony was offered in rebuttal. The admission of evidence of an experiment is a matter within the sound discretion of the trial court and the ruling of the court should not be disturbed unless there is an abuse of discretion. Hodgkins v. Christopher, 58 N.M. 637, 274 P.2d 153. No abuse of discretion is shown. See La France v. New York, New Haven & Hartford R. R. Co., 292 F.2d 649 (2d Cir.) and 76 A.L.R.2d 402. Compare Thomas v. Central Greyhound Lines, Inc., 6 A.D.2d 649, 180 N.Y.S.2d 461.

Appellee claims that the trial court erred in failing to rule on its motion for a new trial on the basis that it was mandatorily required by § 21–1–1(50) (c) (1) N. M.S.A.1953. This claim is without merit. Since the trial court failed to rule on the motion within thirty days, it was denied as a matter of law. See Montgomery Ward v. Larragoite, 81 N.M. 383, 467 P.2d 399.

The judgment should be reversed. The cause is remanded to the trial court with directions to reinstate the judgment on the verdict of the jury.

It is so ordered.

McMANUS and STEPHENSON, JJ., concur.