499 P.2d 688

Joe E. PUTELLI et al., Plaintiffs-Appellees and Cross-Appellants,

v.

W. W. HARDY et al., Defendants-Appellants and Cross-Appellees.

No. 9370.

Supreme Court of New Mexico.

July 28, 1972.

Modrall, Sperling, Roehl, Harris & Sisk, Peter J. Adang, Albuquerque, for defendants-appellants.

Ahern, Montgomery & Albert, Albuquerque, for plaintiffs-appellees.

## OPINION

OMAN, Justice.

This was a suit by plaintiffs arising out of an alleged breach by defendants of two lease agreements. The issue presented on appeal involves the correctness of the trial court's action in entering an amended judgment awarding plaintiffs costs and attorney's fees in the total amount of $1,628.86. We reverse and remand the case to the trial court for the purpose of determining and awarding to plaintiffs costs in the proper amount.

After the filing of their respective pleadings and considerable maneuvering relative to discovery proceedings, the parties entered into a Stipulation of Settlement which was filed on June 7, 1971. Insofar as here pertinent, the stipulation provided:

"III

"All parties will bear their own costs and attorney's fees.

"IV

"The lease dated January 1, 1965 will be amended in the following manner:
" * * *

"d. That all of the remaining terms, conditions and covenants in said lease shall remain in full force and effect.

"V

"The lease dated July 1, 1964 will be amended in the following manner:
" * * *

"e. That all of the remaining terms, conditions and covenants in said lease shall remain in full force and effect."

The two lease agreements were prepared on a printed form and contained the following agreement and covenant by lessee: "To pay all reasonable costs, attorney's fees, and expenses that shall be made or incurred by Lessor in enforcing this Lease."

Prior to entry of judgment pursuant to the stipulation and on June 16, 1971, plaintiffs, by their attorneys, filed a motion wherein they recited that the parties had entered into the Stipulation of Settlement, defendants were in default in their performance under the stipulation and under the terms of the leases, and defendants unlawfully detained possession of the leased premises. They prayed for judgment against defendants "under the term of the Stipulation Agreement" for the amount plaintiffs had agreed to pay, for possession of the premises, for an "Execution of Unlawful Detainer," and "for such further relief as to the Court may deem (sic) proper."

Also on June 16, 1971, one of plaintiff's attorneys filed an affidavit in which he recited, among other things:

(1) That the parties had compromised the issues raised in the suit and had entered into a Stipulation of Settlement, which had been filed on June 7, 1971.

(2) That pursuant to the stipulation, affiant had forwarded to the attorney for defendants certain instruments to be executed by defendants.

(3) That defendants were in default of the stipulation in that they had not executed the amendments to the leases, had not paid rent and had not paid the sum of $4,500.00, all of which were agreed upon in the stipulation.

The plaintiffs then prepared and presented to the court a form of judgment by which the court found " * * * the Defendants were to pay to the Plaintiffs [pursuant to the terms of said Stipulation of Settlement] * * * the sum of $4,500.00 and were to pay to the Plaintiffs the sum of $700.00 as rent commencing June 15, 1971, and that the Defendants are in default in the terms of said Stipulation of Settlement, and in the terms of their lease agreements."

The court thereupon signed and filed on June 17, 1971, the judgment by which plaintiffs were awarded the sum of $4,500.00, as rent due to June 14, 1971 and possession of the premises.

Plaintiffs did not seek and the court did not award costs or attorney's fees.

On June 18, 1971, defendants filed a motion to vacate the judgment on the grounds the stipulation was not complied with due to mistake and inadvertence; defendants had no personal knowledge that judgment would be entered on June 17; and that defendants had now tendered to plaintiffs the amount of $4,500.00 as agreed upon and as awarded plaintiffs in the judgment.

On June 29, 1971, the court entered an order denying defendants' motion to vacate the judgment.

The judgment in the amount of $4,500.00 was satisfied and a release and satisfaction to this extent was entered on August 2, 1971.

On July 12, 1971, plaintiffs filed a motion to amend the judgment so as to award costs and attorney's fees on the grounds that the leases provided for the allowance of " * * * costs, attorneys' fees and expenses, and that these amounts were inadvertently omitted from said Judgment." The court entered a separate judgment on July 26, 1971, whereby it recited the earlier judgment should be amended and corrected and by which plaintiffs were awarded costs and attorney's fees in the amount of $1,628.86.

Defendants contend the motion to amend the judgment was not timely under Rule 59(e) of the Rules of Civil Procedure for the District Courts [§ 21–1–1(59) (e), N. M.S.A.1953 (Repl. Vol. 4, 1970)], and, therefore, the trial court lacked authority to amend the judgment. This rule is identical with Rule 59(e) of the Federal Rules of Civil Procedure. As to the application of this rule by some of the Federal Courts, see Arkla Exploration Company v. Boren, 411 F.2d 879 (8th Cir. 1969) ; Kelly v. Delaware River Joint Commission, 187 F.2d 93 (3d Cir. 1951), cert. denied, 342 U.S. 812, 72 S.Ct. 25, 96 L.Ed. 614 (1951) ; Markert v. Swift & Co., 173 F.2d 517 (2d Cir. 1949) ; Fagan v. Sunbeam Lighting Co., Inc., Eastern, 13 Fed.Rules Serv.2d 59a.63, Case 1 (S.D.Ill.1969) ; Dickinson v. Rinke, 11 Fed.Rules Serv. 59e.1, Case 1 (S.D.N.Y. 1948). Compare the holdings of this court as to the effect of another section of Rule 59 in Montgomery Ward v. Larragoite, 81 N.M. 383, 467 P.2d 399 (1970) ; Associates Discount Corporation v. DeVilliers, 74 N. M. 528, 395 P.2d 453 (1964). We need not and do not here decide the applicability of Rule 59(e) or its effect upon the authority of the trial court in this case.

Defendants also contend that even if the trial court had authority to amend the judgment, it, nevertheless, had no authority to award attorney's fees and costs. Their position is that plaintiffs obviously sought by their motion a judgment on the stipulation and not under the leases, and that it was expressly stipulated and agreed that the parties should bear their respective costs and attorney's fees.

The stipulation, plaintiffs' motion for judgment, the affidavit by one of plaintiffs' attorneys, the form of judgment prepared by plaintiffs' attorneys and entered by the court, and the motion by defendants to vacate the judgment, clearly show plaintiffs did rely on the stipulation and recovered judgment in the exact amount agreed upon therein. It is true mention is also made of the leases, but obviously plaintiffs were not relying upon the leases as to the amount of the judgment sought, and particularly were not relying upon the provisions in the leases calling for costs, attorney's fees and expenses. Why plaintiffs sought to rely upon the stipulation we do not know, but they obviously did, recovered a judgment on the basis thereof, and this judgment has been satisfied and is not here attacked.

It is equally obvious to us that the portion of the judgment awarding possession of the premises to plaintiffs was not contemplated by the stipulation, and that the plaintiffs are entitled to their costs incurred in connection with the levy of the "Execution in Unlawful Detainer." See § 15–40–19, N.M.S.A.1953 (Repl. Vol. 3, 1968) ; Rule 54(d), Rules of Civil Procedure for the District Courts [§ 21–1–1(54) (d), N. M.S.A.1953 (Repl. Vol. 4, 1970)] ; Jones-

Noland Drilling Co. v. Bixby, 34 N.M. 413, 282 P. 382 (1929).

The judgment entered on July 26, 1971 awarding costs and attorney's fees in the total amount of $1,628.86 is hereby reversed and the cause is remanded to the district court for the purpose of determining and awarding to plaintiffs their costs incurred in the levy of the "Execution in Unlawful Detainer."

It is so ordered.

STEPHENSON, J., and JOE ANGEL, District Judge, concur.