610 P.2d 461

**Alvaro FERNANDEZ and Nora Fernandez, husband and wife, Plaintiff-Counter Defendants-Appellees,**

v.

**UNITED ACCEPTANCE CORPORATION, Defendant-Counter Claimant-Appellant.**

**No. 1 CA–CIV 4548.**

Court of Appeals of Arizona,
Division 1,
Department B.

Jan. 24, 1980.

Rehearing Denied Feb. 25, 1980.

Review Denied March 25, 1980.

Wallace J. Baker, Jr., Phoenix, for plaintiff-counter defendants-appellees.

Lee Galusha, Phoenix, for defendant-counter claimant-appellant.

## OPINION

O'CONNOR, Judge.

The appellees were successful as plaintiffs in a trial to the court obtaining judgment against appellant in the amounts of $2,500.00 general damages for invasion of privacy and $750.00 for attorneys fees, plus interest and costs of suit. A timely appeal was filed by the appellant, United Acceptance Corporation.

The complaint was filed August 23, 1976, by Alvaro Fernandez and Nora Fernandez, his wife, against International Spas, Inc. and United Acceptance Corporation. Nora Fernandez had entered into a retail installment contract with International Spas, Inc. to obtain a health spa membership for $350.00 plus 18% interest. The contract price was payable in 24 monthly installments of $16.50 each with an acceleration clause in the event of a default. International Spas, Inc. agreed in the contract to "maintain facilities and personnel to serve the reasonably anticipated requests of members for service throughout the entire term of the agreement." The membership contract was subsequently assigned to United Acceptance Corporation which thereafter attempted to collect the monthly payments from Nora Fernandez. Payments were made by appellees for the months of July, August, and September, 1975, although each was made after the due date and after various written notices and telephone calls by appellant, United Acceptance Corporation. No monthly payment was received thereafter and appellant made telephone calls to Nora Fernandez' place of employment, to her residence, to her neighbors, and to her husband. Written notices were sent. Messages were left for appellee when she was not at her office. Appellees moved their residence. They also had their telephone number changed as a result of appellant's numerous calls. During November and December, 1975, appellant attempted to contact Nora Fernandez approximately every other day, without success. On January 8, 1976, Nora Fernandez telephoned appellant's office and stated she could make only small payments. She testified at trial that on January 8, 1976, appellant's representative threatened to repossess her automobile if she did not immediately pay $100.00.

Appellees paid $100.00 on or about January 12, 1976. No further payments were made and appellant again made numerous telephone calls for Nora Fernandez at her place of employment and sent notices to her by mail. On May 20, 1976, Mr. Fernandez called appellant's office to complain about the collection efforts and stated appellant would be hearing from Fernandez' attorney. On June 14, 1976, Nora Fernandez orally informed appellant that her attorney was Wallace Baker. Subsequently the attorney for Fernandez demanded refund of $100.00 previously paid in January and threatened litigation if it were not so refunded.

At trial the evidence also showed that Nora Fernandez had used the spa facilities approximately three times weekly after June 13, 1975, and then less frequently until February, 1976. Nora Fernandez testified that she tried to use the Mesa spa facilities nearest her home and that the sauna there was inoperative much of the time during the first months of her membership. She also testified that various pieces of exercise equipment were generally in a state of disrepair. Nora Fernandez decided in November, 1975, that she would cancel her membership due to the poor condition of the

facilities. She stated that when she advised International Spas, Inc. that she wanted to terminate her membership, she was told it could not be cancelled.

There was also testimony by appellees and another relative that the telephone calls made by appellant upset Nora Fernandez, and made her nervous at work.

The complaint was filed by Mr. & Mrs. Fernandez against United Acceptance Corporation, the appellant, for invasion of privacy and against International Spas, Inc. for breach of contract. United Acceptance Corporation counterclaimed for recovery of the balance due on the membership contract which was entered into by appellees and International Spas, Inc. and was then assigned to United Acceptance Corporation.

The trial court found that International Spas, Inc. breached its contract with Nora Fernandez by failing to maintain the premises in a suitable condition. The court also found that the conduct of United Acceptance Corporation constituted an invasion of the plaintiffs' privacy "by reason of undue harassment and misrepresentations." Damages were awarded to plaintiffs and against United Acceptance Corporation as indicated above. The court also found against United Acceptance Corporation on its counterclaim.

Appellant contends that there was insufficient evidence at the trial to support a finding of invasion of privacy by undue harassment and misrepresentation. We find there was sufficient evidence to support the trial court's finding.

■ This court has recognized the general principle that a creditor has a right to take reasonable measures to pursue his debtor and to persuade payment even though such steps may result in some invasion of the debtor's privacy. *Sears, Roebuck and Co. v. Moten*, 27 Ariz.App. 759, 558 P.2d 954 (1976) [citing with approval *Household Finance Corporation v. Bridge*,

252 Md. 531, 250 A.2d 878 (1969), and *Gouldman Taber Pontiac, Inc. v. Zerbst*, 213 Ga. 682, 100 S.E.2d 881 (1957)].

■ However, unreasonable measures taken by a creditor in attempting to collect a debt may be an invasion of privacy.[1] In *Rugg v. McCarty*, 173 Colo. 170, 476 P.2d 753 (1970), the creditor repeatedly called and wrote the debtor demanding payment. The creditor also threatened to garnish the debtor's wages, but knew or should have known that it could not garnish her wages. In finding that the creditor invaded the debtor's right of privacy, the court explained:

> When *unreasonable action* in pursuing a debtor is taken, which foreseeably will probably result in extreme mental anguish, embarrassment, humiliation or mental suffering and injury to a person possessed of *ordinary sensibilities*, under the same or similar circumstances, then such conduct falls within the forbidden area and a claim for invasion of privacy may be asserted. . . . It is not intended by this rule to curtail legitimate persuasion toward settlement of debtor accounts, as we recognize that private debt settlement is a desirable end in the field of commerce. The rule simply draws the line beyond which a creditor must employ legal remedies to collect from his debtor and may not resort to self-help by means of oppressive conduct amounting to unlawful intimidation.

476 P.2d at 755–56 (emphasis supplied). In *Montgomery v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970), the creditor erroneously issued a credit card in the defendant's name to the defendant's brother, who used the card and then defaulted in payment. The creditor sued the defendant to force payment from the brother and served process upon the defendant at his place of employment in his superior's presence. The court

---

1. A cause of action also exists against one who "by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Restatement (Second) of Torts* § 46(1). Comment e states that collecting creditors have been held liable for extreme abuse of their relationship with debtors. *See also Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970). The plaintiff-appellee made no claim for recovery for intentional infliction of emotional distress but relied on the theory of invasion of privacy.

determined that such improper conduct in knowingly and intentionally pursuing a person to force payment of the debt under those circumstances constituted an invasion of privacy. 467 P.2d at 401.

In this case it is our opinion there is sufficient evidence on which the trial court could find that the conduct of appellant constituted an invasion of the appellees' right of privacy. An agent of appellant threatened to repossess appellees' automobile if the sum of $100.00 was not paid forthwith. The appellant knew or should have known it had no lawful right at that time to repossess appellees' automobile. In addition, a large number of telephone calls to appellee's place of employment and to neighbors were made by appellant. The trial court could have determined on the basis of these facts that the actions of United Acceptance Corporation were unreasonable and constituted an invasion of the appellee's right of privacy.

Appellant also asserts that there was insufficient evidence to sustain the finding of a breach of the membership contract by International Spas, Inc. so as to defeat appellant's counterclaim. The contract required International Spas, Inc. to "maintain facilities and personnel to serve the reasonably anticipated requests of members for service throughout the entire term of the agreement." The appellee, Nora Fernandez, testified that the exercisers, belts, cold plunge, and sauna were not always working, and that most of the bicycles were not working. Both the sauna and the cold plunge at the Mesa facility of International Spas, Inc. were out of order for at least six weeks in 1975. Nora Fernandez also testified that the sauna, steam room, and exercise equipment were all important considerations in entering into the spa membership contract. This testimony was sufficient evidence upon which the trial court could find a substantial failure of consideration for the membership contract. Appellant United Acceptance Corporation acquired its rights under the contract subject to all defenses available to Nora Fernandez under her contract with International Spas, Inc.

Appellant also claims that the evidence was insufficient to support the trial court's award of $2,500.00 in general damages to appellees.

In Arizona the gravamen of an action for invasion of the right of privacy is the injury to the feelings of the plaintiff, and the mental anguish and distress caused thereby. *Reed v. Real Detective Publishing Co.*, 63 Ariz. 294, 162 P.2d 133 (1945); *Pegler v. Sullivan*, 6 Ariz.App. 338, 432 P.2d 593 (1967). The witness Madeline Fernandez, who was related by marriage to Nora Fernandez, testified that appellant's telephone calls made Nora Fernandez nervous and upset and affected her work as a dental technician which required her to have a steady hand. As stated by the Arizona Supreme Court in *Reed v. Real Detective Publishing Co.*, 63 Ariz. at 306, 162 P.2d at 139, "if the proof discloses a wrongful invasion of the right of privacy, substantial damages for mental anguish alone may be recovered."

The amount of an award for damages is a question peculiarly within the province of the trier of fact and the award will not be disturbed on appeal except for the most cogent of reasons. *Meyer v. Ricklick*, 99 Ariz. 355, 409 P.2d 280 (1965).

Viewing the evidence in the light most favorable to sustaining the verdict, it is our opinion that there is sufficient evidence from which the court, as the trier of fact, could have found for the appellees in the amount of $2,500.00.

Finally, appellant asserts that the evidence is insufficient to support an award of punitive damages. The court's findings and judgment do not reflect that any punitive damages were awarded. There is a judgment of $2,500.00 general damages, and of $750.00 as and for reasonable attorney's fees, plus interest and costs. Inasmuch as the record on appeal does not disclose the award of punitive damages, we find no merit to this allegation of error.

The Judgment is affirmed.

EUBANK, P. J., Department B, and OGG, C. J., Division 1, concur.