658 P.2d 452

**Hugo CHAVEZ–REY and Cindy Chavez-Rey, his wife, Plaintiffs-Appellants,**

**v.**

**Shelby MILLER and Dave Sivage, Defendants-Appellees.**

**No. 5660.**

Court of Appeals of New Mexico.

Dec. 22, 1982.

Certiorari Denied Feb. 15, 1983.

378

Wayne A. Jordon, Durrett, Jordon & Grisham, P.C., Alamogordo, for plaintiffs-appellants.

F. Randolph Burroughs, Burroughs & Rhodes, Alamogordo, for defendants-appellees.

## OPINION

DONNELLY, Judge.

Plaintiffs, as husband and wife, appeal from an order of the trial court granting remittitur of an award for punitive damages entered following trial by jury. Defendants also pursue a cross-appeal herein.

On appeal the issues asserted by plaintiffs are: (1) jurisdiction of trial court to grant remittitur; (2) whether there was abuse of discretion in granting remittitur and (3) claim of error in not permitting plaintiffs an option to agree to either a new trial or the remittitur. For their cross-appeal, defendants have raised a single issue, alleging the trial court erred in refusing to grant their motion for directed verdict. We reverse on plaintiffs' appeal and affirm on defendants' cross appeal.

The underlying facts essential to the disposition of this appeal are undisputed. Plaintiffs filed suit alleging that they placed certain items of personal property in storage at defendants' warehouse facilities in Alamogordo. In their complaint, plaintiffs alleged that defendants either breached a contract, or, in the alternative, wrongfully converted goods in violation of the terms of a written lease agreement when they sold the items of property owned by plaintiffs. Plaintiffs prayed for both compensatory and punitive damages. Defendants denied liability for loss of plaintiffs' property and any damages ensuing therefrom.

Following a trial by jury on the issues raised therein, the jury returned a verdict awarding plaintiffs the sums of $1,200.00 as compensatory damages and $3,550.00 as punitive damages against the defendants.

On December 15, 1981, the trial court entered judgment in favor of plaintiffs in accordance with the jury verdict. Later, on the same day that judgment was entered, defendants filed a motion for remittitur, a motion for judgment NOV, and a motion seeking a new trial.

On February 23, 1982, over two and one half months following the filing of defendants' post-trial motions, the trial court entered an order denying the motion for a new trial and motion for judgment NOV, and further providing that "the Motion to Alter or Amend a Judgment . . . is granted to the Plaintiffs [sic] [Defendants] as to the punitive damages only, and the Plaintiff [sic] [Defendants] are therefore granted a remitter [sic] as to all punitive damages." In all other respects defendant's motion for remittitur was denied.

On March 4, 1982, plaintiffs filed notice of appeal from the order granting the remittitur. Defendants filed their notice of cross-appeal on March 16, 1982, from the "Order of the trial Judge failing to direct a

.verdict in favor of the Defendants at the conclusion of the case presented by the Plaintiffs at the time of trial as to the issue of punitive damages."

*Plaintiffs' Appeal*

Plaintiffs contend that the trial court lacked jurisdiction to enter the order granting remittitur of the award of punitive damages, that he abused his discretion, and that he failed to allow plaintiffs the option to either accept the remittitur or obtain a new trial. We hold that the trial court lacked jurisdiction to enter the order.

Where a party prays for an award of punitive damages and the evidence is sufficient to permit the issue of punitive damages to be considered by the jury, the amount of such damages is left to the sound discretion of the jury based on the nature of the wrong, the circumstances of each case, and any aggravating or mitigating circumstances as may be shown. *See* N.M. U.J.I.Civ. 18.27, N.M.S.A.1978 (1980 Repl. Pamph.). The amount of an award of punitive damages must not be so unrelated to the injury and actual damages proven as to plainly manifest passion and prejudice rather than reason or justice. *Christman v. Voyer,* 92 N.M. 772, 595 P.2d 410 (Ct.App. 1979); *Galindo v. Western States Collection Company,* 82 N.M. 149, 477 P.2d 325 (Ct. App.1970). The trial court may, in proper cases, grant a motion for remittitur as to both actual and punitive damages. *Hudson v. Otero,* 80 N.M. 668, 459 P.2d 830 (1969); *Marler v. Allen,* 93 N.M. 452, 601 P.2d 85 (Ct.App.1979). In determining whether a jury verdict is excessive, the court does not weigh the evidence, but determines the excessiveness as a matter of law. *Transwestern Pipe Line Company v. Yandell,* 69 N.M. 448, 367 P.2d 938 (1962). The decision of whether a new trial should be granted or denied is within the sound discretion of the trial court and is not reviewable except for an abuse of that discretion. *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App.1972). Here, there was evidence upon which the jury could properly award punitive damages and they were instructed thereon.

New Mexico follows the rule adhered to by a majority of jurisdictions that an order granting a remittitur or new trial is not appealable since it is not ordinarily a final judgment disposing of the merits of the action. *Hudson v. Otero, supra. See generally* Annot., 16 A.L.R.3d 1327 (1967). In the instant case, the court's order granting remittitur did not permit plaintiff the alternative of either submitting to a new trial or accepting the remittitur, and plaintiffs appeal from the order entered February 23, 1982, was timely and proper in order to determine whether the trial court had lost jurisdiction to enter such order.

Where the trial court determines that a jury award of damages is manifestly excessive, thereby necessitating remittitur, it should require the party which recovered damages to either remit a specific amount or submit to a new trial. *See Schofield v. Territory ex rel., etc.,* 9 N.M. 526, 56 P. 306 (1899); *see also Marks v. District Court, etc.,* 643 P.2d 741 (Colo.1982), *cert. denied,* — U.S. —, 102 S.Ct. 3486, 73 L.Ed.2d 1368 (1982). Otherwise, a remittitur would invade the province of the jury and violate the constitutional right to trial by jury. *See generally* 6 J. Moore, *Moore's Federal Practice,* ¶ 59.12[1] (3d ed. 1982). It would then constitute not the verdict of the jury, but that of the court. *W.T. Raleigh Co. v. Hannon,* 32 Ala. 147, 22 So.2d 603; 53 A.L.R. 771 (Ct.App.1945); *see* N.M. Const. Art. II, § 12; *see also Sanchez v. Gomez,* 57 N.M. 383, 259 P.2d 346 (1953); *Carver v. Missouri-Kansas-Texas R. Co.,* 362 Mo. 897, 245 S.W.2d 96 (1952).

Did, however, the trial court lose jurisdiction to enter its order granting remittitur? This question must be answered affirmatively. The trial court lacked jurisdiction because defendants' motion to alter and amend the judgment was deemed overruled by operation of law. Having been overruled by operation of law, the trial court lost its power to act upon the motion. As set out in N.M.R.Civ.App.P. 3, N.M.S.A. 1978:

(a) ... In civil actions, any party aggrieved may appeal to the appropriate appellate court within thirty days after entry of ...

(3) any final order after entry of judgment which affects substantial rights

....

The time to appeal may be extended where a party files a timely motion for a new trial, a motion for judgment notwithstanding verdict, or a motion to amend the judgment or to make additional findings of fact. N.M.R.Civ.App.P. 3(d), N.M.S.A.1978. Rule 3(d), *supra,* provides in applicable part:

(d) Time [for appeal] extended in civil actions. In civil actions, if a timely motion is filed pursuant to any of the Rules of Civil Procedure hereinafter enumerated in this paragraph, *the full time for appeal fixed in this rule commences to run and is to be computed from whichever of the following first occurs:*

(1) *the expiration of thirty days after filing of such motion; or*

(2) the filing of any of the following orders made upon a timely motion under such rules; granting or denying a motion for judgment under Rule 50(b); or granting or denying a motion under Rule 52(B)(b) to amend or make additional findings of fact ... or granting or denying a motion under Rule 59 to alter or amend the judgment; *or denying a motion for a new trial under Rule 59 or under 39–1–1 NMSA 1978.* [Emphasis added].

When we apply the above rule to the facts of the instant case, it is apparent that: (1) the trial court entered a final judgment in accordance with the jury verdict on December 15, 1981; (2) defendants filed a timely motion for a new trial, together with a motion for remittitur on December 15, 1981; (3) the trial court entered an order denying defendants motion for new trial and granting the remittitur on February 23, 1982.

Defendants timely filed their motion for new trial under N.M.R.Civ.P. 59(b), N.M.S.A.1978, within ten days of the date of entry of the final judgment, and this filing ex-

tended the time within which the notice of appeal was required to be filed. As provided in N.M.R.Civ.App.P. 3(d), *supra,* the time for appeal, however, was not indefinitely extended, but instead the time within which to file an appeal from the original judgment commenced to run and was to be computed from the expiration of thirty days after the filing of defendants motion for new trial and remittitur, i.e., January 14, 1982, unless the trial court sooner acted thereon. The failure to rule within thirty days of the filing of the motion for new trial constituted a denial of the motion by operation of law. Hence, the thirty day period within which defendants were required to file their notice of appeal commenced to run January 14, 1982, and expired on February 13, 1982. The trial court did not enter its order granting remittitur until February 23, 1982.

As stated by Justice Moise in *Montgomery Ward v. Larragoite,* 81 N.M. 383, 467 P.2d 399, 42 A.L.R.3d 859 (1970):

... 30 days after the filing of the motion [for new trial], it is deemed overruled by operation of law if no ruling has been entered. This would be true in non-jury cases by virtue of § 21–9–1, N.M.S.A., 1953 Comp. and would follow in jury cases as logical under Rule 5, [Rules of Appellate Procedure] ...

Appellate Rule 3(d), *supra,* is substantially similar to the provisions of former Appellate Rule 5, § 21–2–1(5), N.M.S.A.1953 Comp. In *Montgomery Ward v. Larragoite, supra,* a case involving a judgment entered upon a jury verdict, defendant filed a timely motion for new trial and the trial court failed to rule upon the motion within thirty days of the date of filing of the motion. There, the court held:

Since the trial court's ruling on the motion prior to the expiration of the 30 day period would have been reviewable here, *we hold that its failure to rule cannot avoid our review, and we will consider a motion for new trial timely filed as having been denied by the court if denied by operation of law. Terry v. Biswell,* 66 N.M. 201, 345 P.2d 217 (1959). [Emphasis supplied.]

In *Montgomery Ward, supra,* unlike the instant case, defendant filed a notice of appeal within thirty days after its motion for new trial was deemed denied by operation of law. *Compare Scofield v. J.W. Jones Construction Company,* 64 N.M. 319, 328 P.2d 389 (1958).

Section 39–1–1, N.M.S.A.1978, provides that a court retains jurisdiction to rule upon any motion filed within 30 days after judgment has been entered "provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof." This rule has been held to apply only in non-jury trials; however, under Appellate Rule 5, *supra* [now Appellate Rule 3(d), *supra*], the same result has been applied in jury cases. *Montgomery Ward v. Larragoite, supra; see* Occhialino, *Survey of New Mexico Law: 1980–81: Civil Procedure,* 12 N.M.L.Rev. 97, 154 (1982).

Since the trial court did not rule upon defendants' motion for new trial within thirty days from the date of its filing, thirty days after the filing of the motion it was deemed denied by operation of law. *See Wagner Land and Investment Co. v. Halderman,* 83 N.M. 628, 495 P.2d 1075 (1972); *Scott v. McWood Corporation,* 82 N.M. 776, 487 P.2d 478 (1971); *Montgomery Ward v. Larragoite, supra.*

The defendants did not file a notice of appeal within thirty days from the date of the denial of their motion for new trial. That motion and the application for remittitur were deemed denied by operation of law and the trial court lost jurisdiction thereafter to enter its order granting remittitur.

*Defendants' Cross-Appeal*

Defendants have filed a cross-appeal herein, alleging that the trial court erred in denying their motion for directed verdict at trial. Defendants' cross-appeal is untimely.

The appeal of defendants is from the original judgment entered by the trial court on December 15, 1981, based upon the jury verdict. The notice of cross-appeal by the defendants was filed March 16, 1982, more than three months after the entry of the original judgment and more than two months after the post trial motions were deemed denied. Since the trial court had lost jurisdiction to file an entry of order granting remittitur or an amended judgment, a cross-appeal filed within thirty days from the date of the entry of the order granting remittitur was not timely.

The timely filing of a notice of appeal is jurisdictional and where the notice of appeal is not timely filed the court on appeal has no jurisdiction to consider the merits of the issue raised. *Seaboard Fire & Marine Ins. Co. v. Kurth,* 96 N.M. 631, 633 P.2d 1229 (Ct.App.1980); *Brazfield v. Mountain States Mut. Cas. Co.,* 93 N.M. 417, 600 P.2d 1207 (Ct.App.), *cert. denied,* 93 N.M. 205, 598 P.2d 1165 (1979); *see also* N.M.R.Civ. App. 3, *supra.* The order granting the remittitur and denying defendants' post-trial motions did not constitute an amended judgment since at the time of its entry, the trial court lacked jurisdiction to enter the order. *Brazfield v. Mountain States Mut. Cas. Co., supra.*

We affirm plaintiffs' appeal from the judgment granting remittitur. Defendants' cross-appeal is denied. Plaintiffs are awarded their costs incident to this appeal.

IT IS SO ORDERED.

SUTIN and NEAL, JJ., concur.