NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SILVERWOOD REAL ESTATE INVESTMENTS, L.L.C., an Arizona
limited liability company, *Plaintiff/Appellee,*

*v.*

SANDRA WICKMAN-KUSH, *Defendant/Appellant.*

No. 1 CA-CV 14-0822
FILED 7-19-2016

Appeal from the Superior Court in Maricopa County
No.  CV 2008-003464
The Honorable Emmet J. Ronan, Judge (Retired)

**AFFIRMED**

COUNSEL

May Potenza Baran & Gillespie, PC, Phoenix
By Philip G. May, Devin Sreecharana
*Counsel for Plaintiff/Appellee*

Wilenchik & Bartness, PC, Phoenix
By Dennis I. Wilenchik, Tyler Q. Swensen
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**O R O Z C O**, Judge:

**¶1** Appellant Sandra Wickman-Kush (Sandra) appeals the court's determination finding her liable in tort through her marital community because of the actions of her husband Larry Kush (Larry), the court's subsequent award of damages, and its denial of her request for attorney fees. For the following reasons, we affirm the court's rulings.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** In April 2002 Larry solicited a $250,000 investment from Silverwood Real Estate Investments, LLC (Silverwood) to fund and form a limited liability company for purposes of purchasing and selling land; specifically, development of a plot of residential homes in Ahwatukee. Larry represented the expected return on Silverwood's investment was "100% cash on cash." Shortly thereafter, Country Club Drive, LLC (Country Club) was formed with Silverwood and Larry's LLC, Montevina Estate Homes, LLC (Montevina), as member managers.

**¶3** Silverwood and Montevina executed an Operating Agreement for Country Club (CCOA) describing the purpose and capitalization of Country Club and the membership and management rights and responsibilities. Country Club was funded by Silverwood's $250,000 investment, while Montevina's contribution was authorization to use "[a]rchitecture owned by Montevina, planning, zoning and other development services," valued at $1000. The CCOA provided that, upon reasonable request, members of Country Club could inspect Country Club business records. Country Club's manager was obligated to "maintain and preserve" all Country Club "accounts, books, and other relevant Company documents" for at least seven years. Larry was the manager that ran the day to day operations of Country Club.

---

[1] We view "the facts in the light most favorable to upholding the trial court's ruling." *Sholes v. Fernando*, 228 Ariz. 455, 457, ¶ 2 (App. 2011).

¶4            In May 2007, Larry notified Silverwood that the project took "considerably longer" than planned and sustained a substantial loss. After Silverwood received this notice, Silverwood repeatedly requested a variety of Country Club business records from Larry; however, he delayed in providing the Country Club business documents Silverwood requested. Silverwood also never received any return of its initial investment.

¶5            Silverwood first filed a complaint against Larry and Sandra Kush (collectively the Kush Defendants) as husband and wife, along with Montevina in February 2008. As to the Kush Defendants, Silverwood ultimately alleged breach of contract and breach of the covenant of good faith and fair dealing pursuant to the CCOA, breach of fiduciary duty as members, managers and promoters, conversion, negligent misrepresentation, and fraud.

¶6            The court dismissed the breach of contract claims against the Kush Defendants after Silverwood conceded they were entitled to summary judgment as to those counts. The court denied the Kush Defendants' request for attorney fees related to the contract claims.

¶7            Before trial, Silverwood requested the court order production of documents and impose sanctions for the Kush Defendants' failure to comply with discovery. The court denied the request.

¶8            After several days of trial, the court entered its under advisement ruling on the remaining claims, finding that Silverwood proved that Larry was both a manager and promoter of Country Club and that he breached his fiduciary duties to Silverwood arising from both of those relationships. The court also found Larry made affirmative misrepresentations and negligent non-disclosures, and entered judgment in favor of Silverwood and against the Kush Defendants for $350,000.[2]

¶9            Silverwood renewed its request for sanctions after trial. The court granted Silverwood's request in part, finding that the testimony and

_____

[2]            The court disposed of the claims against Montevina by default judgment after Montevina failed to appear and defend the lawsuit. The court ordered Montevina to pay $500,000 in damages to Silverwood, plus Silverwood's attorney fees and costs. Also, after trial, but before final judgment was entered, Larry filed for bankruptcy. The bankruptcy court lifted the stay for the purpose of proceeding to final judgment in this case. Larry is not a party to this appeal.

evidence presented at trial supported an award of sanctions pursuant to Rule 37, Arizona Rules of Civil Procedure, and Arizona Revised Statutes (A.R.S.) section 12-349.A and awarded Silverwood $150,000 in attorney fees.

¶10        Sandra timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 and -2101.A.1 (West 2016).[3]

## DISCUSSION

### I.        Liability of Sandra's Interest in the Marital Community

¶11        Sandra argues the court erred in finding her liable for Silverwood's damages because she was neither a manager nor promoter of Country Club.  To the extent that Sandra argues the court had to find her individually liable in order to enter judgment against her interest in the marital community, we disagree.

¶12        All property acquired during marriage, except property acquired by gift, descent or devise, is presumed to be community property. A.R.S. § 25-211.A; *Am. Express Travel Related Servs. Co. v. Parmeter*, 186 Ariz. 652, 653 (App. 1996).  In Arizona, either spouse can "contract debts and otherwise act for the benefit of the community."  A.R.S. § 25-215.D.  The community is liable for the intentional torts of one spouse if the tortious act was intended to benefit the community, regardless of whether any benefit was received.  *Alosi v. Hewitt*, 229 Ariz. 449, 454, ¶ 24 (App. 2012) (quoting *Selby v. Savard*, 134 Ariz. 222, 229 (1982)).  To bind the community to a debt or obligation, both spouses must be joined in an action.  A.R.S. § 25-215.D; *C & J Travel, Inc. v. Shumway*, 161 Ariz. 33, 36 (App. 1989).

¶13        Silverwood filed its complaint against the Kush Defendants as husband and wife.  From the onset, Silverwood alleged that that the Kush marital community was liable for the actions of Larry or Sandra.  There is no dispute that Larry and Sandra were husband and wife, and Sandra cites no evidence that Larry acted independent of the marital community.  The court found that Larry acted on behalf of his marital community and entered judgment against the Kush Defendants as husband and wife.  On this record, we find nothing to undermine the presumption that the Kush

---

3        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

marital community is liable for Larry or Sandra's conduct, and she does not direct us to any contradicting evidence on appeal.

## II. Larry's Fiduciary Duty to Silverwood

**¶14** In holding the Kush Defendants liable for Silverwood's damages, the court imputed fiduciary duties to Larry as a manager, concluding that "[a]lthough there is no case law directly on point, the Court believes that legislative history, public policy and common sense establish that managers and promoters of limited liability companies have the same obligations and responsibilities, as a matter of law, as do officers and directors of corporations." On appeal, Sandra argues the court improperly imputed fiduciary duties to Larry contrary to the CCOA and erred in finding Larry liable to Silverwood as a manager and promoter. Sandra further argues that because Silverwood failed to allege Montevina was Larry's alter ego, the court erred in making such a conclusion on its own and imputing a duty to Larry. "We review the existence of a fiduciary duty de novo." *TM2008 Invs., Inc. v. Procon Capital Corp.*, 234 Ariz. 421, 424, ¶ 12 (App. 2014).

### A. Fiduciary Duty as Manager

**¶15** "A fiduciary relationship has been described as something approximating business agency, professional relationship, or family tie impelling or inducing the trusting party to relax the care and vigilance he would ordinarily exercise." *Cook v. Orkin Exterm. Co., Inc.*, 227 Ariz. 331, 334, ¶ 14 (App. 2011) (internal quotations and citations omitted). A duty to another may arise as a result of the relationship between the parties or the conduct they undertake. *Barkhurst v. Kingsmen of Route 66, Inc.*, 234 Ariz. 470, 472-73, ¶ 10 (App. 2014). A fiduciary duty may also be imputed in the interest of public policy considerations or to support the existence of a legal obligation absent a special or direct relationship between the parties. *See id.* at 473, ¶ 10.

**¶16** The court found Larry was Country Club's manager. Although Sandra argues the court erred in making this finding, there is evidence in the record to support it. Larry identified himself as a manager in IRS filings, he was named as a manager in the CCOA and assumed all the manager duties outlined in the CCOA. We will not disturb this finding of fact on appeal. *See FL Receivables Trust 2002-A v. Ariz. Mills, L.L.C.*, 230 Ariz. 160, 166, ¶ 24 (App. 2012) (holding that we are bound by the court's finding of fact unless clearly erroneous).

¶17 By acting and performing as Country Club's manager, Larry undertook and accepted the responsibilities and duties of the manager as outlined in the CCOA. Larry was certainly aware of the managerial obligations in the CCOA; the same attorneys he retained to draft Montevina's Operating Agreement prepared the CCOA. These managerial duties included making reasonable business decisions, keeping and maintaining Country Club's "records and accounts of all operations and expenditures" and making business records available to members upon reasonable request. There was sufficient evidence in the record showing Larry comingled Country Club's finances with his own, failed to maintain business records and refused to make them available to Silverwood upon request. Larry's failure to properly manage Country Club was a breach of his fiduciary duty to Silverwood.

¶18 Because we conclude that Larry had fiduciary duties arising from the managerial responsibilities he knew were outlined in the CCOA as a matter of law, and the court's award of damages to Silverwood is general, we need not address whether the corporate veil needed to be pierced or review the court's determinations as to the other theories of liability Silverwood alleged. *See Mullin v. Brown*, 210 Ariz. 545, 552, ¶ 24 (App. 2005) (stating that we will uphold a general verdict when the evidence as to any count sustains the verdict).

## III. Damages Award

¶19 Sandra contends that the court erred in failing to consider whether Country Club was profitable before determining whether Silverwood was entitled to damages as a matter of law. Sandra also argues that the economic loss rule prevents Silverwood's recovery. We review an award of damages for an abuse of discretion and the award "will not be disturbed on appeal except for the most cogent of reasons." *Fernandez v. United Acceptance Corp.*, 125 Ariz. 459, 464 (App. 1980). The computation of damages is a determination of fact we will uphold unless clearly erroneous. *See Elar Invs., Inc. v. Sw. Culvert Co., Inc.*, 139 Ariz. 25, 30 (App. 1983).

¶20 It is undisputed Silverwood invested $250,000 to fund Country Club. At trial, evidence was presented that Silverwood believed that, in addition to the return on its initial investment, it would receive an additional "hundred percent cash on cash." Robert Grant, one of Silverwood's two members, testified its loss amounted to $500,000. The court determined Silverwood proved that, but for the breach of fiduciary duty, Silverwood would have recovered its initial investment and a sizeable

profit. Based on this record, we cannot say that the court abused its discretion in awarding $350,000 to Silverwood in damages.

**¶21** Sandra argues the economic loss rule precludes Silverwood from recovery under tort absent physical harm or secondary property damage. We disagree with that application, particularly when the court found there was no contractual relationship between Silverwood and the Kush Defendants through which Silverwood could recover. The function of the economic loss rule is "to encourage private ordering of economic relationships and to uphold the expectations of the parties by limiting a plaintiff to contractual remedies for loss of the benefit of the bargain." *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 Ariz. 320, 327, ¶ 38 (2010). "Rather than rely on the economic loss doctrine to preclude tort claims by non-contracting parties, courts should instead focus on whether the applicable substantive law allows liability in the particular context." *Id.* at 327, ¶ 39. Because we find Larry had a fiduciary duty to Silverwood as a manager, and not arising from a contractual relationship, the economic loss rule does not preclude recovery.

## IV. Attorney Fees Sanction

**¶22** Sandra also argues the court erred in awarding attorney fees as a sanction because it had "no evidence to support such damages" and it failed to hold a culprit hearing. Following trial, Silverwood requested sanctions against the Kush Defendants, alleging obstructionist conduct and failure to timely disclose evidence, false and misleading disclosures, resulting in an unreasonable delay. Silverwood alleged it had spent at least $150,000 in attorney fees prosecuting it claims against the Kush Defendants and requested recovery of the same, along with a request for $5,000 in sanctions pursuant to A.R.S. § 12-349.

**¶23** Following oral argument on Silverwood's motion for sanctions, the court found that although the Kush Defendants' conduct was not obstructionist, they did violate Rule 37 of the Arizona Rules of Civil Procedure and A.R.S. § 12-349. Specifically, the court found that the Kush Defendants violated Rule 37(a)(3) by providing incomplete disclosure, Rule 37(a) and (c) because they should have known the disclosures were misleading, and Rule 37(c)(1), A.R.S. § 12-349.A.3 and 4 because the disclosures were untimely, resulting in an unreasonable delay. The court awarded $150,000 to Silverwood for attorney fees as a sanction, but declined to award any additional sanctions under A.R.S. § 12-349. We review a court's award of sanctions pursuant to Rule 37 for an abuse of discretion. *Preston v. Amadei*, 238 Ariz. 124, 132, ¶ 24 (App. 2015). In

reviewing sanctions awarded pursuant to A.R.S. § 12-349, we view the court's finding of fact in the light most favorable to sustaining the award, and review its application of the statute de novo. *Rogona v. Correia*, 236 Ariz. 43, 50, ¶ 23 (App. 2014). We may affirm a sanctions award on any basis supported by the record. *Solimeno v. Yonan*, 224 Ariz. 74, 82, ¶ 33 (App. 2010).

### A.    Culprit Hearing

**¶24**        A culprit hearing is appropriate when it is unclear whether the attorney or the party is responsible for the unreasonable delay. *Marquez v. Ortega*, 231 Ariz. 437, 444, ¶ 26 (App. 2013). In determining whether a culprit hearing is required, the court considers the "(1) the circumstances in general; (2) the type and severity of the sanctions under consideration; and (3) the judge's participation in the proceedings, knowledge of the facts, and need for further inquiry." *Id.* (quoting *Lund v. Donahoe*, 227 Ariz. 572, 582, ¶ 37 (App. 2011)).

**¶25**        In making its determination related to sanctions, the trial judge presiding over the case for over four years made specific findings regarding the Kush Defendants' and their counsel's conduct during discovery, and determined that "[g]iven the comingled nature of [the Kush] Defendant's business records, *they and their counsel* knew or should have known their disclosure was inaccurate or incomplete." (Emphasis added). The court found the Kush Defendants and their counsel dually responsible; there is no question of culpability to necessitate a culprit hearing. The court also held oral argument on Silverwood's motion for sanctions in May 2014. Because Sandra failed to include the transcript from this hearing, we assume this missing portion of record supports the court's findings. *See State ex. rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 16 (App. 2003). We do not find the court erred in failing to conduct a culprit hearing.

### B.    Award of Sanctions

**¶26**        Sanctions awarded pursuant to Rule 37 are appropriate when a party makes a discovery violation as described therein. A trial court is authorized to assess attorney fees, expenses, and up to five thousand dollars in double damages when an attorney or party unreasonably expands or delays the proceedings. A.R.S. 12-349.A.3.

**¶27**        The court made specific findings supporting its ruling for sanctions under both Rule 37 and A.R.S. § 12-349. These findings provide a reasonable basis to affirm the court's award of fees pursuant to either Rule

37 or A.R.S. § 12-349. On this record, we cannot say the court abused its discretion in awarding Silverwood attorney fees as a sanction.

## V. Kush Defendants' Request for Attorney Fees

**¶28** On appeal, Sandra also argues the court erred in denying her request for attorney fees related to Silverwood's failed contract claims, and that the court should have, at minimum, ordered the Kush Defendants to reduce their fee request. Pursuant to A.R.S. § 12-341.01.A, a court may award reasonable attorney fees to a prevailing party on a contract claim. The applicability of a fee award to a prevailing party is a matter of statutory interpretation we review de novo, but the amount of the award is discretionary and will not be disturbed so long as there is any reasonable basis to support it. *Rudinsky v. Harris*, 231 Ariz. 95, 101, ¶ 27 (App. 2012). Section 12-341.01.A does not obligate a court to award reasonable attorney fees to a prevailing party on a contract claim. *See Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569-70 (1985). The permissive language "may" included in the statute vests discretionary authority in the court to make attorney fees awards. *See id.* at 570.

**¶29** In support of their application for attorney fees, the Kush Defendants attached billing records including categories such as "work on discovery responses" and "attend deposition of Mr. Kush," without any indication whether the work completed was in defense of the contract claims. After oral argument, the court denied the request for attorney fees, finding that although the Kush Defendants were entitled to recover on the contract claims, they failed to specifically identify which fees were incurred defending the contract claims. Given the discretionary nature of the attorney fees award, we do not find the court abused its discretion in denying the Kush Defendants' request for attorney fees.

## VI. Costs on Appeal

**¶30** Silverwood requests attorney fees and costs on appeal pursuant to ARCAP 21. Because Silverwood failed to state a basis for its request, we decline to award attorney fees. *See Ezell v. Quon*, 224 Ariz. 532, 540, ¶ 31 (App. 2010). As the prevailing party, Silverwood is entitled to costs upon compliance with ARCAP 21.

**CONCLUSION**

**¶31**         For the forgoing reasons we affirm the court's judgment and award against Kush Defendants and its denial of their request for attorney fees.



Ruth A. Willingham · Clerk of the Court
FILED: AA